9041

SPEIGHTS v. COLLETON COUNTY.

(84 S. E. 873.)

COUNTIES. HIGHWAYS. NAVIGABLE STREAMS.

1. COUNTIES—NAVIGABLE STREAMS.—Civil Code 1912, sec. 2132, requiring the county commissioners to keep navigable streams, highways of their counties, in repair, gives no right of action against the county for injuries sustained by a traveler on such stream from a collision with an obstruction in the stream.

2. COUNTIES — HIGHWAYS — LIABILITY FOR INJURIES FROM DEFECTIVE HIGHWAYS.—Civil Code 1912, sec. 1972, giving a right of action against a county for injuries arising to a traveler from a defect in public highway, applies only to highways constructed by the county, and not to navigable streams.

Before MEMMINGER, J., Walterboro, July, 1914. Reversed.

Action by I. A. Speights against Colleton County. From an order affirming a judgment of a magistrate's Court, against the county, the latter appeals.

*Messrs. Howell & Gruber,* for appellant, cite: 34 S. C. 144; Civil Code 1912, sec. 1972; 27 S. C. 419. *Provisions as to navigable streams:* Civil Code, ch. 29, and Crim. Code, secs. 615 and 635. *Cases distinguished:* 34 S. C. 141; 89 S. C. 511; 95 S. C. 187.

*Messrs. Padgett & Moorer,* for respondent, cite: Civil Code 1912, secs. 1972, 2131, 2132, 2133; 94 S. C. 375; 27 S. C. 419.

March 29, 1915.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action against Colleton county for an injury to the respondent, caused by an obstruction in Ashepoo River. There is an agreed statement of facts, but the facts may be stated in brief, as follows:

Ashepoo River is a navigable stream and at the place of the accident is wholly in Colleton county; one of the county public roads crosses this river and the county operates a ferry to enable travelers to cross the river. The county owns and operates the ferry. In the daytime the ferry is free, but a small charge is made at night. The fee paid at night goes to the employee of the ferryman and not to the

county.    The ferry is operated by a cable stretched across the river.    When the cable is not in use it should be lowered to the bottom of the river so as to allow the unimpeded use of the river for navigation.    On the night of 7th December, 1913, the cable was stretched across the river, but just under the surface of the river.    The plaintiff was carrying a raft of lumber down the river; when he came to the ferry he could not see any obstruction, as the cable was out of sight.    The raft struck the cable and was broken up; the lumber was damaged and the plaintiff thrown into the water and made sick.    For his injury he brought suit against the county in the magistrate's Court.    The magistrate gave judgment for the plaintiff.    The defendant appealed to the Court of Common Pleas.    This appeal was heard by Judge Memminger, who sustained the magistrate, and the defendant appealed to this Court.    The appellant states that there is but one question, and that is, is the county liable?

It is conceded that if a navigable stream is a highway within the meaning of the statute, then the county is liable under section 1972, Code of Laws of South Carolina 1912, volume I.    Section 2132 reads as follows:

"The said navigable streams, watercourses and cuts shall be taken and deemed as highways and the county board of road commissioners shall take charge of and keep the same in repair at all times."

It seems to me that the county is liable and the judgment should be affirmed.

The majority of the Court differ with me, and the following is the opinion of the majority of this Court:

We shall refer to land roads as dirt highways and to navigable rivers as water highways.

It is only a casualty that the raft was overturned at a point in the water highway where the stream is crossed by a dirt highway; the issue here made would be the same had the accident occurred a mile below the crossing of the two ways; and had the obstructing agency been the protruding

stump of a fallen tree out of the water highway instead of a cable in the water.

The dirt highway and the cable there as part of that highway and an agency of the county have no relevancy as such to the offense charged, to wit, an obstruction in Ashepoo River. The bald issue, therefore, is this: Is a county liable to be sued in damages by a person who may be hurt by obstructions while he is going up and down the water highways of the State?

The sole contention of the plaintiff is (1) that section 2132, Code of Laws, constitute Ashepoo River a highway, and (2) the same section charged the county to "keep the same in repair."

That is true; but for such failure to keep in repair the statute gives no right of action; the plaintiff could not maintain this action under section 2132 standing by itself, nor by any other provision in chapter 29.

The plaintiff, therefore, points to section 1972 for his warrant to sue. But that section is part of another chapter of the statutes, every section of which, except the first, has express or implied reference to dirt highways. Section 1972 is part of a statute enacted in 1871 "for the construction and repair of public highways." The highways must first have been *constructed,* and then repaired.

Section 1982 was not then a part of the chapter; it was enacted in 1850, and its object was plainly to make navigable streamways open to public use, with no suggestion of their repair. The section was not incorporated in the codification of 1868 or 1881.

The last three lines of section 1982 plainly prescribe a remedy for the obstruction of water highways, and it is other than the remedy provided for defects in the repair of dirt highways; the language of the statute is "and if any person shall obstruct the same, otherwise than as hereinafter provided, such person shall be deemed guilty of a nuisance,

and such obstruction may be abated as other public nuisances are by the laws of this State."

When all the words of section 1972 are considered the inference to be had is that they refer to dirt highways. The three provisos were not in the act at its passage in 1871. In the first proviso the words are road, causeway· or bridge, all parts of a dirt highway; and thereby a recovery is denied if the plaintiff's *load* exceeded· the ordinary weight.

An overloaded wagon might crush a bridge or culvert; an overloaded boat might sink, but it would hardly be affected by obstructions in a water highway.

The construction of the statute contended for by the plaintiff would have a county liable in damages resulting from defect in hundreds of miles of navigable streams never seen by county officials and rarely or never traveled except by a few persons.

We would not reach such a conclusion unless shut up to it by the plain mandates of the General Assembly.

The judgment appealed from is reversed.